IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DARRIN Z. BURTON, ) | Case No. 19-12225-BFK |
| ) | Chapter 13 |
| Debtor. ) | |
| _____) | |

## OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN

COMES NOW Michael and Margarita Mendoza ("the Mendozas"), by counsel, and state the following in support of their Objection to Confirmation of the Amended Chapter 13 Plan filed by the Debtor, Darrin Z. Burton ("Burton" or "Debtor").

1. On July 5, 2019, Debtor filed his Chapter 13 bankruptcy petition in the Eastern District of Virginia, Alexandria Division, Case No. 19-12225-BFK.

2. Debtor has filed eight bankruptcies in this Court since 2008, including this case. Six of these cases have been filed under Chapter 13, as provided below:

| Case Number | Chapter | Duration of Case | Net Receipts | Payments to Unsecured Creditors |
|---|---|---|---|---|
| Case No. 08-15058-RGM | 7 | August 22, 2008 – December 9, 2008 | N/A – NDR Filed | $0.00 |
| Case No. 09-18157-SSM | 13 | October 5, 2009 – May 19, 2010 | $2,540.00 | $0.00 |
| Case No. 10-14302-RGM | 13 | May 25, 2010 – October 31, 2012 | $32,600.00 | $1,690.30 |
| Case No. 13-12858-BFK | 13 | June 19, 2013 – April 30, 2014 | $10,080.00 | $0.00 |
| Case No. 14-14585-BFK | 13 | December 10, 2014 – August 18, 2016 | $9,838.48 | $0.00 |
| Case No. 16-13137-RGM | 7 | September 13, 2016 – January 9, 2017 | N/A – NDR Filed | $0.00 |
| Case No. 18-12462-KHK | 13 | July 14, 2018 – June 13, 2019 | $6,049.44 | $0.00 |

Jonathan B. Vivona, Esquire
Virginia State Bar No. 82762
601 King Street, Ste 400
Alexandria, VA 22314
(703) 739-1353
vivonalaw@gmail.com
*Counsel for Michael and Margarita Mendoza*

3. In Debtor's most recent Chapter 13 case which was pending for twelve months, there was a sum total of $6,049.44 in disbursements, none of which was paid to unsecured creditors. Instead $5,144.72 went to administrative expenses and $904.72 went to one secured creditor. All of debtor's Chapter 13 cases, with the exception of one, follow this pattern. All have ended in dismissal. *See attached* Chapter 13 Final Reports marked Exhibit "A".

4. In his best case, Debtor paid $32,600.00 into the Chapter 13 Plan, $1,690.30 of which went to unsecured claimants. He now purports that he will be able to pay $185,950.00 into the present plan as well as make required mortgage payments of $2,335.50 per month going forward.

5. Debtor's extensive history and recent history in bankruptcy demonstrate that this is not possible, and that creditors can only expect further undue delay in collection of their claims.

6. In debtor's last case he only was able to make payments to the trustee in the total amount of $10,106.16 over the twelve month period he was in bankruptcy, for an average of $842.18 per month. Though his household income has not changed significantly from then to now, Debtor claims he can now make payments averaging more than $3,000.00 per month over the life of his Plan.

**DEBTOR'S PRIOR FILINGS DEMONSTRATE BAD FAITH**

7. Further, in his Chapter 13 case immediately preceding the present case, Case No. 18-12462-KHK, Burton did list on his schedules the real property located at 18 Mill Springs Drive, Fredericksburg, VA 22406. However, he valued the property at $0.00 and did not list the claim of the secured creditor, Carrington Mortgage Services. Further he did not provide for either surrender of the property or payment of the arrearages in his previous Chapter 13 case, nor did he provide for any treatment of this claim in his confirmed Amended Chapter 13 Plan in that case. *See attached*

marked Exhibit "B".

8.      Suddenly, in the present case Carrington is listed as having a secured claim of $524,500.00 and the Amended Chapter 13 Plan estimates arrearages of $75,000.00. This claim was neither listed nor provided for in any capacity in Debtor's prior case.

9.      Debtor also did not list the Mendozas as creditors in his prior case nor did he list the Lease as an executory contract in Schedule G of his bankruptcy filing.

10.     Debtor has not proceeded in good faith in his many years in bankruptcy. He has perpetually utilized the bankruptcy process to delay creditors while not performing on proposed plans. He has failed to provide significant returns even to secured creditors, let alone unsecured creditors, who in most instances receive nothing on account of their claims.

11.     Burton has obtained two Chapter 7 discharges in this time period and in the current case is not eligible for a discharge because of his most recent discharge. He was also not eligible for a discharge in his prior Chapter 13 filing, in which unsecured creditors received zero payment and were delayed nearly a year. Burton then filed this case only weeks after his prior case was dismissed.

12.     The unsecured creditors are being provided with unfair treatment. They are relinquishing precious time during which they could collect on debts that are not subject to discharge in either a Chapter 7 or Chapter 13, while Debtor counts the days before he can become eligible for a third Chapter 7 discharge. In exchange for this delay, Debtor proposes a plan that will pay 25% of their claims if it is completed. If it is not completed, the almost assured outcome, non-priority creditors will likely not receive any recovery whatsoever as in the prior cases that Burton has filed. Yet they will be barred from collecting these debts for potentially several years while the bankruptcy is in effect.

### UNDERESTIMATION OF THE MENDOZAS' CLAIM

13. Finally, Debtor underestimates the Mendozas' claim.

14. In addition to rent that Debtor failed to pay to the Mendozas, Burton and his spouse, Stephani Burton caused in excess of $25,000.00 damage to their property. The Mendozas have had to spend significant funds to return the Property to rentable condition, as well as lost rental income because the property was not ready for new tenants while the damage was being fixed.

15. A debtor who is perpetually in bankruptcy faces no consequences for their actions. Burton is evading provisions of the Bankruptcy Code that limit a debtor's right to a discharge, which are in place to ensure fairness to creditors. This purpose would be clearly frustrated if Burton is allowed to delay creditors with yet another bad faith Chapter 13 filing in which he has no feasible plan.

16. Burton proposes his most ambitious plan yet in his sixth Chapter 13 filing, and yet he has routinely failed attempting to execute lesser plans.

17. Based upon this Court's Order of August 28, 2019, Debtor has apparently made Plan payments that "have not been honored upon presentation," another indicia of bad faith.

### CONCLUSION

Debtor's numerous filings, poor track record in completing Chapter 13 cases, meager disbursements to unsecured creditors, failure to list his major secured creditor in his prior case and his actions in damaging the Mendoza's property demonstrate his bad faith. They also demonstrate a belief that as long as he has the option of bankruptcy available, his obligations to creditors and others are optional. Finally, the amended plan on its face is not feasible.

WHEREFORE, Michael and Margarita Mendoza, by counsel, request that this Honorable Court deny confirmation of the Amended Chapter 13 Plan submitted by the Debtor, Darrin Z. Burton.

                                                MICHAEL MENDOZA
                                                MARGARITA MENDOZA
                                                By Counsel

JONATHAN B. VIVONA, PLC

\_\_/s/ Jonathan B. Vivona_____
JONATHAN B. VIVONA, ESQUIRE
Virginia State Bar No. 82762
601 King Street, Suite 400
Alexandria, Virginia 22314
Telephone Number: (703) 739-1353
Fax Number: (703) 337-0490
vivonalaw@gmail.com
*Counsel for Michael and Margarita Mendoza*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of September, 2019 a true copy of the foregoing Objection to Confirmation of Amended Chapter 13 Plan was served electronically pursuant to this Court's CM/ECF procedures on: Thomas P. Gorman, Trustee and Earl J. Oberbauer, Jr., Esquire, and sent via first class mail, postage pre-paid to: Darrin Z. Burton, 19 Glenview Court, Stafford, VA 22554.

                                                \_\_\_\_/s/ Jonathan B. Vivona_____
                                                JONATHAN B. VIVONA