IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| DARRIN Z. BURTON, | ) Case No. 19-12225-BFK |
| | ) Chapter 13 |
| Debtor, | ) |
| | ) |

## OPPOSTION TO DEBTOR'S MOTION TO REHEAR AND RECONSIDER

COMES NOW Michael and Margarita Mendoza (the "Mendozas"), by counsel, and state the following in support of their Opposition to the Motion to Rehear and Reconsider filed by the Debtor, Darrin Z. Burton ("Debtor").

1. On July 5, 2019, Debtor filed his Chapter 13 bankruptcy petition in the Eastern District of Virginia, Alexandria Division, Case No. 19-12225-BFK.

2. On October 24, 2019, the Mendozas filed a motion to dismiss Debtor's Chapter 13 case with prejudice.

3. The Mendozas' motion to dismiss was based upon Debtor's numerous bankruptcy filings, inaccuracies in his prior bankruptcy filings and his bad faith in utilizing the bankruptcy process to evade and harm creditors.

4. Debtor has filed eight bankruptcies in this Court since 2008, including this case, and has hardly paid any return to unsecured creditors in all of these cases combined.

5. Debtor is not eligible for a discharge in this case.

6. On November 18, 2019, the Court entered an Order denying the Mendozas'

Jonathan B. Vivona, Esquire
601 King Street, Suite 400
Alexandria, Virginia 22314
Telephone Number: (703) 739-1353
vivonalaw@gmail.com
*Counsel for Michael A. Mendoza and Margarita Mendoza*

motion to dismiss, however the Court placed conditions upon the Debtor that if not satisfied would result in the case being dismissed with prejudice for a period of two (2) years.

7. The Order provides that if Debtor defaults in making plan payments, the Trustee shall send Debtor a Notice of Default, and if Debtor does not cure any such default within fifteen days, the case will be dismissed with prejudice upon the filing of a Certification of Default and proposed Order by the Trustee.

8. The Order does not specify any required contents of the Notice of Default nor does it require that Debtor be provided a time limit to cure the default in the Notice.

9. Substantively, Debtor was provided ample notice that his plan payments were not timely when the Trustee filed his motion to dismiss on May 12, 2020. The Trustee later amended this motion to seek dismissal with prejudice, however this does not negate the first motion providing Debtor with notice of the late payments.

10. The Debtor did not make payment of $4,900.00 until June 5, 2020, outside of the fifteen (15) day window within which he could cure the default.

11. Given Debtor's extensive history in bankruptcy, he should be quite familiar with the responsibilities of a Debtor and bankruptcy procedures.

12. Further, he has had numerous opportunities to resolve his debt issues and execute on a plan to pay his creditors. This is far from the first time that Debtor has failed to make required timely payments and it is unlikely to be the last.

13. At present time Debtor is once again in default in the amount of $3,125.00 according to the trustee's records, as he has not made a payment since his June 5th payment.

WHEREFORE, Michael A and Margarita Mendoza, by counsel, request that this Honorable Court deny Debtor's Motion to Rehear and Reconsider and uphold its dismissal of the

case with prejudice for a period of two (2) years.

                                                        MICHAEL A. MENDOZA
                                                        MARGARITA MENDOZA
JONATHAN B. VIVONA, PLC                     By Counsel

   /s/ Jonathan B. Vivona_____
JONATHAN B. VIVONA, ESQUIRE
Virginia State Bar No. 82762
601 King Street, Suite 400
Alexandria, Virginia 22314
Telephone Number: (703) 739-1353
Fax Number: (703) 337-0490
vivonalaw@gmail.com
*Counsel for Michael A. Mendoza and Margarita Mendoza*

## CERTIFICATE OF SERVICE

       I hereby certify that the 9th day of July, 2020 a true copy of the foregoing Opposition to Motion to Rehear and Reconsider was served electronically pursuant to this Court's CM/ECF procedures on: Thomas P. Gorman, Trustee and Earl J. Oberbauer, Jr., Esquire.

                                                                          \_\_\_\_/s/ Jonathan B. Vivona_____
                                                                          JONATHAN B. VIVONA